**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STILLWATER DESIGNS AND AUDIO, INC. d/b/a KICKER, | Case No. _____ |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| DEALS & FIXTURES LLC, | |
| Defendant. | |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Stillwater Designs and Audio, Inc. d/b/a Kicker ("Kicker" or "Plaintiff"), by and through its undersigned counsel, complains of Defendant Deals & Fixtures LLC's ("Defendant") conduct and alleges upon information and belief as follows:

**NATURE OF THIS ACTION**

1. Kicker seeks injunctive relief and monetary damages for Defendant's trademark counterfeiting and infringement under 15 U.S.C. § 1114 and Defendant's false advertising and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, arising from Defendant's wrongful and infringing promotion and sale of Kicker products ("Kicker Products") through online commerce sites including, but not limited to, Amazon.com.

2. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Kicker. As a result of Defendant's actions, Kicker is suffering a loss of the enormous goodwill that Kicker has created in its trademarks and is losing profits from lost sales of products.

3. This action seeks permanent injunctive relief and damages for Defendant's infringement of Kicker's intellectual property rights.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

5. This Court has personal jurisdiction over Defendant as Defendant (a) is an Illinois limited liability company registered with the State of Illinois; (b) maintains its principal place of business in Chicago, Illinois; and (c) practices the unlawful conduct complained of herein, in part, within the State of Illinois and this District.

6. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## PARTIES

7. Plaintiff Stillwater Designs and Audio, Inc. d/b/a Kicker is an Oklahoma corporation with its principal place of business in Stillwater, Oklahoma. Kicker designs, manufactures, and sells a variety of audio products, including speakers, amplifiers, and headphones. Kicker sells products through authorized distributors and dealers.

8. Defendant Deals & Fixtures LLC is an Illinois limited liability company with its principal address located at 3758 W. Chicago Ave, Chicago, Illinois, 60651. Defendant Deals & Fixtures LLC is connected to an Amazon Seller Account "Deals & Fixtures LLC." Defendant sells its wares, including Kicker Products, to customers throughout the United States.

**FACTS**

*Kicker's Trademark Usage*

9. The U.S. Patent and Trademark Office ("PTO") has issued several registrations for marks used with audio products and accessories (hereinafter, the "Kicker Marks"). The Kicker Marks include, but are not limited to:

| Mark | Reg. Date | Reg. No. | Class/Goods |
|---|---|---|---|
| KICKER | October 27, 1987 | 1,462,647 | Stereo Speakers. |
| KICKER (logo) | April 11, 1995 | 1,888,305 | Speakers. |
| K (logo) | July 25, 1995 | 1,907,120 | Stereo speakers. |
| STILLWATER DESIGNS | December 8, 1987 | 1,468,124 | Audio equipment, namely stereo speaker systems for home and car and parts thereof. |

10. The Kicker Marks have been in continuous use since at least their respective dates of registration.

11. Kicker advertises, distributes, and sells its products to consumers under the Kicker Marks.

12. Kicker has also acquired common law rights in the use of the Kicker Marks throughout the United States.

13. The federal trademark registrations for the Kicker Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the Kicker Marks.

14. Kicker has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the Kicker Marks throughout the United States and the world. As a result of such advertising and promotion, Kicker has established substantial goodwill and widespread recognition in the Kicker Marks, and the Marks have become associated exclusively with Kicker and its products by both customers and potential customers, as well as the general public at large.

15. To create and maintain such goodwill among its customers, Kicker has taken substantial steps to ensure that products bearing the Kicker Marks are of the highest quality. As a result, the Kicker Marks have become widely known and are recognized throughout the United States and the world as symbols of high-quality products.

16. As a result of, *inter alia*, the care and skill exercised by Kicker in the conduct of its business, the high quality of the goods sold under the Kicker Marks, and the extensive advertising, sale, and promotion by Kicker of its products, the Kicker Marks have acquired secondary meaning in the United States and the world, including this District.

17. Kicker is not affiliated with Defendant, and Defendant is not authorized to use the Kicker Marks.

***Defendant's Infringing and Improper Conduct***

18. Defendant has sold products bearing the Kicker Marks on several online retail platforms, including, but not limited to, Amazon.com.

19. Kicker has never authorized or otherwise granted Defendant permission to sell Kicker Products.

4

20. Defendant represents that the Kicker Products it has offered for sale on Amazon.com are "new" despite the fact that they are counterfeit, non-genuine products of unknown origin.

21. Defendant's advertisement of Kicker Products and use of the Kicker Marks provides customers with a false assurance that the products they purchase from Defendant conform with Kicker's high standards and work as intended, when in fact they are receiving non-genuine Kicker Products.

22. Defendant falsely advertises the Kicker Products it offers for sale and sells on the Internet to United States consumers using the Kicker Marks.

23. Specifically, Defendant falsely advertises "new" Kicker Products but fulfills orders with counterfeit, non-genuine products of unknown origin.

24. Upon information and belief, without Plaintiff's authorization, Defendant has engaged in the manufacture, importation, distribution, advertising, promotion, offering for sale, and sale of counterfeit products throughout the United States including on online retail platforms, such as Amazon.com. Upon information and belief, Defendant has marketed, advertised, and promoted its counterfeit products through Amazon.com.

25. On June 4, 2025, Kicker purchased a Kicker Subwoofer Amplifier bearing the Kicker Marks, from Defendant through its Amazon.com seller account, Deals & Fixtures LLC.

> 6/9/25, 8:31 PM
> amazon.com
>
> Amazon.com - Order 112-6366458-3100260
>
> **Final Details for Order #112-6366458-3100260**
> Print this page for your records.
>
> Order Placed: June 4, 2025
> Amazon.com order number: 112-6366458-3100260
> Order Total: $271.15
>
> ---
>
> Shipped on June 7, 2025
>
> | Items Ordered | Price |
> |---|---|
> | 1 of: Kicker 46CXA8001 CXA8001-800-Watt Mono Class D Subwoofer Amp<br>Sold by: Deals & Fixtures LLC (seller profile)<br>Supplied by: Deals & Fixtures LLC (seller profile) | $254.96 |
>
> Condition: New
>
> Shipping Address:
> East Coast Direct
> 15 E PUTNAM AVE # 329
> GREENWICH, CT 06830-5424
> United States
>
> Shipping Speed:
> FREE Prime Delivery
>
> **Payment information**
>
> Payment Method:
> American Express ending in 5008
>
> Billing address
> Frederick Fessenden
> 15 E PUTNAM AVE # 329
> GREENWICH, CT 06830-5424
> United States
>
> Credit Card transactions
>
> Item(s) Subtotal: $254.96
> Shipping & Handling: $0.00
> Total before tax: $254.96
> Estimated tax to be collected: $16.19
> Grand Total: $271.15
>
> AmericanExpress ending in 5008: June 7, 2025: $271.15
>
> To view the status of your order, return to Order Summary.
>
> Conditions of Use | Privacy Notice © 1996-2025, Amazon.com, Inc. or its affiliates

26. The product was shipped by Defendant on June 7, 2025.

27. Upon receipt, Kicker discovered that the Kicker Subwoofer Amplifier sold by Defendant is a counterfeit reproduction of Kicker's Subwoofer Amplifier (the "Counterfeit Product"). For example, the Counterfeit Product sold by Defendant includes a counterfeit serial number, as shown below:

6



28. Kicker's investigation of the Counterfeit Product concluded that the product purchased from Defendant was not authentic.

29. In addition to harm to consumers, the sale of non-genuine Kicker Products directly harms Kicker. When consumers purchase Kicker Products from Defendant, they expect that the products they receive are new and in proper working order. Instead, their image of Kicker is diminished because they receive counterfeit, non-genuine products of unknown origin. Kicker's opportunity to sell genuine, high-quality products to those consumers may be lost forever. As a result of Defendant's conduct, Kicker suffers substantial and irreparable harm to its brand, image, business, and goodwill with the public.

30. Offering Kicker Products as "new," despite the fact that they are counterfeit, non-genuine products of unknown origin, results in poor brand experiences such as the above.

31. Defendant's conduct results in consumer confusion, the dilution of Kicker's goodwill and trade name, as well as lost sales and profits of actual "new" Kicker Products.

*The Likelihood of Confusion and Injury Caused by Defendant's Actions*

32. Defendant's actions substantially harm Kicker by placing infringing, falsely advertised Kicker Products into the stream of commerce in the United States.

33. Defendant's advertisement and sale of counterfeit, non-genuine products bearing the Kicker Marks has caused – and is likely to continue causing – consumer confusion by

representing to consumers that the Kicker Products offered for sale by Defendant are "new" when they are not.

34. Defendant's advertisement and sale of non-genuine products bearing the Kicker Marks has caused – and is likely to continue causing – consumer confusion and disappointment regarding Kicker's sponsorship or approval of those products creating a false designation of origin in the minds of consumers.

35. Defendant's conduct results in consumer confusion as well as the dilution of Kicker's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

36. Defendant's conduct as described herein results in the lessening of sales of genuine, properly advertised Kicker Products to the detriment of Kicker.

37. As a result of Defendant's actions, Kicker is suffering a loss of the enormous goodwill it created in the Kicker Marks.

38. Upon information and belief, Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Kicker's irreparable harm.

## COUNT I
### Trademark Infringement in Violation of 15 U.S.C. § 1114

39. Kicker hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. This is a claim for federal trademark infringement under 15 U.S.C. § 1114.

41. The acts of Defendant alleged herein constitute the use in commerce, without the consent of Kicker, of a reproduction, counterfeit, copy, or colorable imitation of the Kicker Mark in connection with the sale, offering for sale, distribution, or advertising of goods, which use is

likely to cause confusion or mistake, or to deceive consumers, and therefore infringes Kicker's rights in the Kicker Marks, all in violation of the Lanham Act.

42. Defendant's infringing activities are likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products and constitute trademark infringement under 15 U.S.C. § 1114.

43. Defendant's use of the Kicker Marks in the advertisement or sale of Kicker Products demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the Kicker Marks, thereby causing immediate, substantial, and irreparable injury to Kicker.

44. As a direct and proximate result of Defendant's actions, Kicker has been, and continues to be, damaged by Defendant's activities and conduct.

45. Defendant has profited thereby, and, unless their conduct is enjoined, Kicker's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Kicker is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II

### Federal Trademark Counterfeiting
### In Violation of 15 U.S.C. § 1114

46. Kicker incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

47. The Kicker Marks are valid, protectable trademarks that have been registered as marks on the principal register in the USPTO. Kicker is the owner and registrant of the Kicker Marks.

48. As described in more detail above, Defendant has used and counterfeited the Kicker Marks in connection with the marketing, promotion, and sale of their goods and services without Kicker's consent, in a manner that is likely to cause, and has actually caused, confusion and/or mistake, or that has deceived members of the consuming public. Indeed, Defendant's counterfeiting and infringing activities are likely to cause and are actually causing confusion, mistake and deception among the consuming public as to the origin, sponsorship, and quality of Defendant's infringing products.

49. Defendant has publicly advertised, sold, offered to sell, and distributed counterfeit Kicker Products in interstate commerce in direct competition with Kicker and without authorization or consent to use the Kicker marks but with full knowledge of Kicker's notorious prior rights in those marks.

50. Defendant's counterfeit Kicker Products reproduce, counterfeit, copy, and colorably imitate the Kicker Marks or display a spurious designation that is identical with or substantially indistinguishable from the Kicker Marks. Defendant has applied their reproductions, counterfeits, copies, and colorable imitations of the Kicker Marks on packages intended to be used in commerce upon or in connection with the sale, offering for sale, distribution or advertising of Defendant's counterfeit products, which is likely to cause confusion, to cause mistake, or to deceive.

51. Defendant's unauthorized use of the Kicker Marks on or in connection with Defendant's counterfeit products was conducted intentionally and with notice and full knowledge that the use was unauthorized by Kicker. Accordingly, Defendant's actions constitute willful trademark infringement and counterfeiting of the Kicker Marks in violation of 15 U.S.C. §§ 1114 and 1117.

52. Kicker has been, and will continue to be, damaged by Defendant's infringement, including by suffering irreparable harm through the diminution of trust and goodwill among Kicker consumers. Kicker is entitled to an injunction against Defendant, and an order of destruction of all infringing products, as well as all monetary relief and other remedies available under the Lanham Act, including but not limited to trebled damages and/or actual profits, reasonable attorneys' fees, costs and prejudgment interest and/or statutory damages.

## COUNT III
### False Advertising in Violation of 15 U.S.C. § 1125(a)

53. Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements, including the authenticity, origin, and condition of these products and/or the positivity or feedback rating of its storefront. These false statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Plaintiff's customers.

55. Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

56. Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Plaintiff for which there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it,

from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

57. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Kicker Marks, thereby causing immediate, substantial, and irreparable injury to Plaintiff.

58. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

59. Pursuant to 15 U.S.C. § 1117, Plaintiff is also entitled to recover from Defendant the gains, profits, and advantages that they have obtained as a result of its unlawful acts. Plaintiff is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

60. Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Plaintiff is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees.

## COUNT IV
### False Designation of Origin and Unfair Competition
### In Violation of 15 U.S.C. § 1125

61. Kicker hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62. This is a claim for false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

63. Kicker engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Kicker Marks, throughout the United States.

64. The Kicker Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Kicker's products and services.

65. By selling or distributing products using the Kicker Marks that are different from those sold by Kicker as alleged herein, Defendant is engaging in unfair competition, falsely designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to Kicker and its goods and services in violation of 15 U.S.C. § 1125(a).

66. By advertising or promoting products using the Kicker Marks that are different from those sold by Kicker as alleged herein, Defendant is engaging in unfair competition via false advertisement of the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

67. Defendant's continued use of the Kicker Marks constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

68. Defendant has used, and continues to use, the Kicker Marks to sell products that are different from those sold by Kicker in the United States, thereby creating a false designation of origin in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to Kicker's goodwill and reputation as symbolized by the Kicker Marks, for which Kicker has no adequate remedy at law.

69. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Kicker Marks, thereby causing immediate, substantial, and irreparable injury to Kicker.

70. By selling and advertising products under the Kicker Marks that are different from those sold by Kicker, Defendant is using the Kicker Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without Kicker's consent. Defendant is falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Kicker and its goods and services in violation of 15 U.S.C. 1125(a). Similarly, Defendant is engaging in false advertising by incorrectly advertising the condition of the products as "new" when the products are instead counterfeit, non-genuine products of unknown origin. Accordingly, Kicker is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

71. As a direct and proximate result of Defendant's actions, Kicker has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless their conduct is enjoined, Kicker's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Kicker is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Stillwater Designs and Audio, Inc. d/b/a Kicker prays for judgment in its favor and against Defendant providing the following relief:

1. For an entry of judgment in favor of Kicker and against Defendant on each of Defendant's claims for relief alleged in this Complaint;

2. For a preliminary and permanent injunction restraining Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform or any other website, website host, website administrator, domain registrar, or internet service provider from:

    a. Importing, exporting, assisting in the importation or exportation, manufacturing, procuring, distributing, shipping, retailing, offering for sale, marketing, advertising, or trafficking in any products not authorized by Kicker and bearing the unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Kicker Marks which are likely to cause confusion, or bearing a design that is of a substantially similar appearance to the Kicker Marks listed in this Complaint;

    b. Falsely advertising the condition of any Kicker Products that it can legally sell;

    c. Acquiring, or taking any steps to acquire, any Kicker Products that leads to a violation of the Lanham Act;

    d. Selling, or taking any steps to sell, any Kicker Products in violation of the Lanham Act;

    e. Engaging in any activity constituting unfair competition with Kicker; and

    f. Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

3. For a determination that Defendant's acts of trademark infringement constitute cases of willful and exceptional infringement;

4. Award Kicker statutory damages of $2,000,000 per counterfeit mark per each good sold, offered for sale, or distributed by Defendant pursuant to 15 U.S.C. § 1117(c);

5. Award Kicker its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

6. Award Kicker Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

7. Award Kicker its reasonable attorneys' fees in bringing this action as allowed by law;

8. Award Kicker pre-judgment and post-judgment interest in the maximum amount allowed under the law;

9. Award Kicker the costs incurred in bringing this action; and

10. Grant Kicker such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Kicker hereby requests a trial by jury on all causes of action so triable.

Dated: July 14, 2025

Respectfully submitted,

STILLWATER DESIGNS AND AUDIO, INC.,

By: */s/ Nicole C. Mueller*
One of its Attorneys

Nicole C. Mueller
**K&L Gates LLP**
70 West Madison Street
Suite 3300
Chicago, Illinois 60602
Tel.: (312) 372-1121
nicole.mueller@klgates.com

Morgan T. Nickerson (BBO #667290) (*pro hac vice* application forthcoming)
**K&L Gates LLP**
1 Congress Street
Suite 2900
Boston, MA 02114
Tel: (617) 261-3100
morgan.nickerson@klgates.com

*Attorneys for Plaintiff Stillwater Designs and Audio, Inc.*